# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1667V

| | |
|---|---|
| CAROL KEMPKES,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 1, 2024 |

*Zachary James Hermsen*, Whitfield & Eddy Law, Des Moines, IA, *for Petitioner.*

*Madylan Yarc*, U.S. Department of Justice, Washington, DC, *for Respondent.*

## **DECISION AWARDING DAMAGES**[1]

On November 24, 2020, Carol Kempkes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on February 5, 2018. Petition at ¶¶ 3, 11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 31, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On April 30, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $105,939.16, comprised of $105,000 in pain and suffering and $939.16 in past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $105,939.16, comprised of $105,000.00 in pain and suffering and $939.16 in past unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CAROL KEMPKES,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 20-1667V<br>Chief Special Master Brian H. Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

  On November 24, 2020, Carol Kempkes ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on February 5, 2018.  Petition at 1.  On April 4, 2022, the Secretary of Health and Human Services ("respondent") filed a Motion to Dismiss and Vaccine Rule 4(c) Report recommending against compensation because petitioner had not offered evidence that her injury lasted for at least six months after vaccination, though respondent did not dispute that petitioner had satisfied all other legal prerequisites for compensation under the Vaccine Act.  ECF No. 33.  On April 26, 2023, petitioner filed seven affidavits in support of the severity requirement.  ECF No. 39.  On January 31, 2024, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.[1]  *See* ECF No. 42.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent

1

I.  **Items of Compensation**

  A. Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded **$105,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$939.16**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following:[2] a lump sum payment of $105,939.16, in the form of a check payable to petitioner.

II. **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Carol Kempkes:                           **$105,939.16**

---

reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's January 31, 2024, entitlement decision.

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/*Madylan L. Yarc*
MADYLAN L. YARC
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Madylan.L.Yarc@usdoj.gov
Tel.: (202) 742-6376

DATED: April 30, 2024