# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1667V

| | |
|---|---|
| CAROL KEMPKES,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 24, 2024 |

*Zachary James Hermsen*, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.

*Madylan Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On November 24, 2020, Carol Kempkes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on February 5, 2018. Petition, ECF No. 1. On May 1, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $36,040.24 (representing $35,291.50 in fees plus $748.74 in costs). Application for Attorneys' Fees and Costs ("Motion") filed June 27, 2024, ECF No. 52. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 51.

Respondent reacted to the motion on July 1, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 53. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner has requested hourly rates for attorneys that performed work in this matter as follows:

|  | **2023** | **2024** |
|---|---|---|
| Zach J. Hermsen, Esq. | $375 | $400 |
| Thomas S. Reavely, Esq. | $525 | $550 |
| Bryn E. Hazelwonder, Esq. | $300 | $325 |

The hourly rates requested for attorneys Hermsen and Reavely are reasonable, and I hereby award them herein. However, the hourly rates requested for attorney Bryn Hazelwonder merits adjustment.

Mr. Hazelwonder has been a licensed attorney for five years. ECF No. 52 at 5. Although Mr. Hazelwonder's proposed rates fall within the appropriate range for an attorney with his experience (as reflected in OSM's Fee schedule)[3], the specific rates requested are excessive (especially in comparison to rate increases he has received for prior years). Further, it would be improper for him to receive rates established for comparably-experienced counsel who also have more lengthy experience in the Program than Mr. Hazelwonder. *See McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find it reasonable to compensate Mr. Hazelworth at the rate of $289 per hour for his time billed in 2023 and $305 per hour for his time billed in 2024.** Application of the foregoing reduces the amount of fees to be awarded herein by **$14.40**.[4]

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: http://www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as ($300 - $289 = $11 x 0.40 hrs.) + ($325 - $305 = $20 x 0.50 hrs.) = $14.40

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 52-11. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $36,025.84 (representing $35,277.10 in fees plus $748.74 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Zachary James Hermsen.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                <u>s/Brian H. Corcoran</u>
                                                Brian H. Corcoran
                                                Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.